*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0291p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re:  HNRC DISSOLUTION COMPANY, formerly known as Horizon Natural Resources Company, et al.,

*Debtors.*

No. 07-5894

ZURICH AMERICAN INSURANCE COMPANY,

*Appellant,*

*v.*

LEXINGTON COAL CO., LLC,

*Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Ashland.
No. 06-00104—David L. Bunning, District Judge.

Argued:  July 29, 2008

Decided and Filed:  August 13, 2008

Before:  ROGERS and McKEAGUE, Circuit Judges; ADAMS, District Judge.[*]

---

## COUNSEL

**ARGUED:** Karen Lee Turner, ECKERT, SEAMANS, CHERIN & MELLOTT, LLC, Philadelphia, Pennsylvania, for Appellant. Gregory R. Schaaf, GREENEBAUM, DOLL & McDONALD, PLLC, Lexington, Kentucky, for Appellee.  G. Eric Brunstad, Jr., BINGHAM McCUTCHEN LLP, Hartford, Connecticut, for Amicus Curiae. **ON BRIEF:** Karen Lee Turner, Gary D. Bressler, ECKERT, SEAMANS, CHERIN & MELLOTT, LLC, Philadelphia, Pennsylvania, Douglas T. Logsdon, McBRAYER, McGINNIS, LESLIE & KIRKLAND, PLLC, Lexington, Kentucky, for Appellant.  Gregory R. Schaaf, Margaret A. Miller, GREENEBAUM, DOLL & McDONALD, PLLC, Lexington, Kentucky, Barbara Reid Hartung, GREENEBAUM, DOLL & McDONALD, PLLC, Louisville, Kentucky, for Appellee.  G. Eric Brunstad, Jr., Collin O'Connor Udell, BINGHAM McCUTCHEN LLP, Hartford, Connecticut, for Amicus Curiae.

---

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

---

**OPINION**

---

PER CURIAM.  Zurich American Insurance Co. ("Zurich") provided insurance coverage to Horizon Natural Resources Co., et al., ("the Debtors") during the pendency of the Debtors' Chapter 11 bankruptcy proceedings.  The policies issued to the Debtors were "deductible policies," meaning that Zurich would pay the entirety of any claims made and would later seek reimbursement from the Debtors for the deductible portion.  After confirmation of the Debtors' plans, but before the expiration of the date set for the filing of administrative expense claims, Zurich filed an administrative expense claim.  Zurich's administrative expense claim seeks payment of $14,593,567.79, which is an actuarial estimate of the deductible portion of the claims that Zurich believes it will pay in the future for injuries that occurred during the coverage period but were not the subject of insurance claims until after confirmation of the Debtors' plans.  Both the bankruptcy court and the district court denied Zurich's administrative expense claim, holding that it does not constitute an "actual, necessary cost[] and expense[] of preserving the estate" as is required by 11 U.S.C. § 503(b)(1)(A).

On appeal to this court, Zurich argues that the bankruptcy court and the district court misinterpreted 11 U.S.C. § 503(b)(1)(A).  Furthermore, Zurich argues that the lower courts should have permitted the estimation of Zurich's administrative expense claim under 11 U.S.C. § 502(c).  We find no merit in Zurich's arguments.  Because it would be difficult for us to add anything of substance to the district court's comprehensive and well-reasoned opinion, we **AFFIRM** for the reasons stated by Judge David L. Bunning in *Zurich Am. Ins. Co. v. Lexington Coal Co., LLC (In re HNRC Dissolution Co.)*, 371 B.R. 210 (E.D. Ky. 2007).